IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCO SIERRA, his wife
MILDRED IVONNE CACERES, and
their CONJUGAL PARTNERSHIP,

Plaintiffs

v.                                                    CIVIL 98-1668 (SEC) (JA)

THE MUNICIPALITY OF CAROLINA
and its Mayor, HONORABLE JOSE E.
APONTE, individually and in his official
capacity,

Defendants

## OPINION AND ORDER

Plaintiff Francisco Sierra, (hereinafter "Sierra"), has filed a motion for reconsideration of my opinion and order granting summary judgment in favor of defendants, the Municipality of Carolina and its mayor, the Honorable José A. Aponte (hereinafter "Aponte") on May 18, 2000.

The procedural background of the case is as follows. The Municipality of Carolina and its mayor filed a motion for summary judgment (Docket No. 41), which plaintiffs opposed. (Docket No. 53.) Thereafter, an opinion and order was filed on May 18, 2000 (Docket No. 54) granting defendants' motion for summary judgment in its entirety. That same day, judgment was entered dismissing the complaint. (Docket No. 55.) As a result, on June 1, 2000, Sierra filed a motion entitled "Plaintiffs' Request for Reconsideration of Court's Opinion and Order," with several exhibits. (Docket No. 56.)

AO 72
(Rev. 8/82)

### Rule 59(e)-Motion for Reconsideration

Although plaintiff Sierra did not label the aforementioned motion as a Rule 59(e) motion, it should be construed as such given that "any 'motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneously legal result' must be deemed to be brought under" said rule. See United States v. Podolsky, 158 F.3d 12, 16 (1st Cir. 1998) (citing In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)); see also Aybar v. Crispín-Reyes, 118 F.3d 10, 14 n.3 (1st Cir. 1997). "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Under Federal Rule of Civil Procedure 6(a), "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the computation of the ten days, while "[t]he last day of the period . . . shall be included." Rule 6(a) also provides that holidays and weekends be excluded in the computation.

In the instant case, judgment was entered dismissing Sierra's complaint on Thursday, May 18, 2000. Given that under Rule 6(a) the first day is not to be counted in the computation, the ten-day period began running on Friday, May 19, 2000. Taking into account the weekends and the holiday (Memorial Day on Monday, May 29, 2000), plaintiff Sierra's motion should have been served on Wednesday, May 31, 2000 (the tenth day from judgment, given that Rule 6(a) mandates that the last day be counted in the

AO 72
(Rev. 8/82)

computation). Plaintiff Sierra's motion was filed on June 1, 2000, one day after the ten-day period expired. Because Federal Rule of Civil Procedure 6(b) prohibits a court from extending the time for taking action under Rule 59(e), Sierra's motion is untimely. I nonetheless outline the allegations contained in Sierra's 59(e) motion.

### Due Process Claim

In relation to the due process claim, Sierra asserts that my finding that he did not have a property interest in the continuation of his employment is flawed. Sierra insists that his employment relationship with the Municipality of Carolina was characterized by "special circumstances" that should warrant a departure from the established rule that transitory employees do not have a right to remain in their positions beyond the terms of their contracts. In his efforts to prove that those "special circumstances" did actually exist, Sierra has presented three exhibits with his Rule 59(e) motion, including a sworn statement by plaintiff detailing the procedures used by the Municipality of Carolina when renewing his employment contracts. The three additional exhibits can not be considered by this court, given that:

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

CIVIL 98-1668 (SEC) (JA)                         4

Aybar v. Crispín-Reyes, 118 F.3d at 16 (citing Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)). See also Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000) ( stating that new legal arguments or evidence may not be presented via Rule 59(e) motions).

The newly submitted exhibits are not new evidence, but rather old evidence which Sierra failed to present in his opposition to defendants' summary judgment motion. In addition, the legal argument in his motion for reconsideration (i.e., that he had a property interest in the continuation of his 'temporary' employment contract, thus triggering the protections afforded by the due process clause) is a rehashing of the old arguments made in his opposition to defendants' summary judgment motion which I rejected in my opinion and order. (Docket No. 54. at 5-7.)

Under Puerto Rico law, a transitory employee, such as Sierra, "generally [does] not have a property interest in continued employment beyond [his] terms of appointment." Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 94 (1st Cir. 1997) (citing Caro v. Aponte-Roque, 878 F.2d 1, 4-5 (1st Cir. 1989)); see also Meléndez v. Municipio de Arroyo, 96 J.T.S. 68, at 1077 (reaffirming that, as a matter of law, transitory employees generally have no "legitimate expectation" to a renewal of their contracts). Sierra's employment contract specified its duration (one year) and contained a specific clause permitting termination upon notice. Regardless of the many times that his contract was renewed, Sierra was a

CIVIL 98-1668 (SEC) (JA)                        5

temporary employee and did not have a property interest in the continuation of his employment contract with the Municipality of Carolina. Sierra failed to address in his opposition to defendants' motion for summary judgment evidence that would warrant a departure from the general rule outlined above as to the lack of a proprietary interest that temporary employees have in the renewal of their contracts. After judgment is too late.

### First Amendment Claim

Plaintiff Sierra further alleges that his claim of retaliation was erroneously dismissed given that it was analyzed as a claim based on an impingement of his constitutional right to freedom of association, rather than as a claim based on his right to free speech. Sierra now argues that even though this court found that he had failed to present sufficient evidence of political discrimination, his retaliation claim should not have been dismissed given that it is a separate and independent claim triggered by the exercising of his right to free speech, i.e., the filing of the JASAP (Junta de Apelaciones del Sistema de Administración de Personal) complaint.

In his 59(e) motion, Sierra has delineated the appropriate analytical framework set forth in Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d 7 (1st Cir. 1998), to determine if he, as a former public employee, has an actionable First Amendment freedom of speech claim against his employer, the Municipality of Carolina. Under the three-part balancing test set forth in Tang, "a court must first determine whether the employee's

statements were on matters of public concern or merely of personal interest . . . . Second, the court must balance the employee's First Amendment rights against the government's interest in efficient, disruption-free agency performance . . . . Third, the employee must show that [his] expressions were a substantial or motivating factor in the government's adverse employment decision; the government then must show that it would have made the same decision even if the employee had never made the statements . . . ." Toro v. Gil, 2000 WL 977370, at *2 (D.P.R. July 11, 2000) (citing Connick v. Myers, 461 U.S. 138, 147 (1983); Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d at 12; Pickering v. Board of Educ. of Township High School, 391 U.S. 563, 568 (1968); Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 287 (1977); O'Connor v. Steeves, 994 F.2d 905, 913 (1st Cir. 1993)). See also Padilla-García v. Guillermo-Rodríguez, 212 F.3d 69, 78-79 (1st Cir. 2000) (detailing Tang's three-part test relative to a free speech claim in the context of a summary judgment motion).

In his motion for reconsideration, Sierra argues that I committed error because the third prong of the Tang test (i.e., the question of whether the filing of the JASAP complaint was a substantial or motivating factor in the non-renewal of his contract), constitutes a trial worthy issue and thus can not be disposed of in a summary judgment fashion. Sierra further asserts that in their motion for summary judgment the defendants did not even discuss Tang's analytical framework.

CIVIL 98-1668 (SEC) (JA)                 7

Sierra needed to establish the *prima facie* elements of his retaliation claim based on the alleged violation of his free speech rights. The defendants, in turn, had the opportunity to make a Mt. Healthy defense, and show that they would have made the same decision (i.e., not to renew Sierra's contract even if he had not filed the JASAP complaint). In other words, the defendants had to bring forth independent reasons why the non-renewal of Sierra's contract was warranted. This is precisely what defendants did in their summary judgment motion: they pointed to evidence of Sierra's tardiness, non-compliance with his duties, and to an alleged re-organization of the office. (See Docket No. 41, Exhibits 5, 7, 15, 16, 17.)

Sierra not only failed to present the appropriate legal framework as set forth in Tang, but did not attempt to present evidence of each of the required *prima facie* elements of the retaliation cause of action. True enough, the Mt. Healthy burden shifting mechanism is somewhat different in the context of political discrimination cases. See, e.g., Padilla-García v. Guillermo-Rodríguez, 212 F.3d at 77-78 (explaining the distinction between political discrimination cases and Title VII cases and citing relevant authorities). And as Sierra points out, the third prong of the Tang test might be better suited for a jury. However, plaintiff Sierra failed to make any of the arguments he now makes in his prior opposition. A rule 59(e) motion is a vehicle aimed at reconsideration, not initial consideration. "Parties . . . cannot use them to 'raise arguments which could, and should, have been made before

CIVIL 98-1668 (SEC) (JA)                8

the judgment issued.'" <u>Harley-Davidson Motor Co. v. Bank of New England–Old Colony</u>, 897 F.2d 611, 616 (1st Cir. 1990) (citations omitted).

The motion for reconsideration (Docket 56) is DENIED.

In San Juan, Puerto Rico, this 24th day of August, 2000.

*[signature]*

JUSTO ARENAS
United States Magistrate Judge